# EXHIBIT

## "A"

RECEIVED FOR FILING
STATE COURT-CLERK
CHATHAM CO. GA

IN THE STATE COURT OF CHATHAM COUNTY · 2013 NOV 26   AM 9:32
STATE OF GEORGIA

*Brian K. Hart*

| | | |
|---|---|---|
| PAUL TUTEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION FILE NO.  STCVI801890 |
| | § | |
| TARGET CORPORATION, | § | |
| CALIFORNIA CARTAGE | § | |
| COMPANY, LLC., | § | |
| JOHN DOE, INC., JOHN DOE (1), | § | |
| JOHN DOE (2), JOHN DOE (3) and | § | |
| JOHN DOE (4), | § | |
| | § | |
| Defendants. | § | |

## SUMMONS

TO:   Target Corporation
c/o CT Corporation System, Registered Agent ·
1201 Peachtree Street NE
Atlanta, Georgia 30361

You are hereby summoned and required to file with the clerk of said court and serve upon Plaintiffs' attorney, whose name and address is:

The Sullivan Law Firm, P.C.
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459

an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  26  day of  Nov , 2013.

By  *Amy Stewart*
Deputy Clerk

*Dec. 9, 2013*
*J. Bradley 425*

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

2013 NOV 25 PM 4:24

*Brian K. Hart*

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL TUTEN | §<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION FILE NO. |
| | § | STCV1301890 |
| TARGET CORPORATION, | § | |
| CALIFORNIA CARTAGE | § | |
| COMPANY, LLC., | § | |
| JOHN DOE, INC., JOHN DOE (1), | § | |
| JOHN DOE (2), JOHN DOE (3) and | § | |
| JOHN DOE (4), | §<br>§ | |
| Defendants. | § | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Paul Tuten, Plaintiff, in the above-referenced case and files this

Complaint against Defendants Target Corporation, California Cartage Company, LLC., John

Doe, Inc., John Doe (1), John Doe (2), John Doe (3), and John Doe (4) herein and shows the

Court the following:

### JURISDICTION AND VENUE

1.

Plaintiff is a resident of Bulloch County and resides at 227 South College Street,

Statesboro, Georgia.

2.

Defendant Target Corporation is a foreign corporation, which maintains a

distribution/warehouse location, amongst other places, at 211 Little Hearst Parkway, 111 Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia, and is subject to the jurisdiction and venue of this court.

3.

Defendant Target Corporation's registered agent for service of process in Georgia is CT Corporation System located at 1201 Peachtree Street NE, Atlanta, Georgia 30361, and may be served by delivering Summons and a copy of this Complaint at that address.

4.

Defendant California Cartage Company, LLC. is a foreign corporation, which maintains a warehousing location, among other places, at 101 Little Hearst Parkway, Port Wentworth, Chatham County, Georgia, and is subject to the jurisdiction and venue of this court.

5.

Defendant California Cartage Company, LLC.'s registered agent for service of process in Georgia is Don Smart located at 127 Abercorn Street, Suite 200, Savannah, Georgia 31401, and may be served by delivering Summons and a copy of the Complaint at that address.

6.

Jurisdiction and venue are proper in this Court with respect to all Defendants.

## FACTS

### 7.

Plaintiff realleges and incorporates paragraphs one (1) through six (6) above as if fully set forth herein.

### 8.

At the time of the incident giving rise to this lawsuit, Plaintiff was employed with Diamond Staffing Services, Inc. as a "jockey driver."

### 9.

At approximately 3:00 pm on November 28, 2011, Plaintiff presented to work as an employee of Diamond Staffing Services, Inc at 101 Little Hearst Pkwy, Port Wentworth, Georgia 31407 . Plaintiff entered his assigned truck, which was located at a back bay door of California Cartage Company, LLC of California Cartage Company, LLC's warehouse. Plaintiff observed that the trailer had a small gash in its left side. Accordingly, Plaintiff notified his supervisor, Mike Skelley ("Mr. Skelley"), who is also an employee of Diamond Staffing Services, Inc and was on-site in the office on the California Cartage Company, LLC premises. Mr. Skelley notified John Doe (1) and John Doe (2), employees of California Cartage Company, LLC, who came and inspected the trailer and took pictures of it.

The trailer had a red seal on the doors that had been placed on it by employees of Target Corporation. The red seal indicated that the trailer had been unopened since leaving the control of Target Corporation. California Cartage Corporation, LLC employees John Doe (1) and John Doe (2) decided that the gash on the left side of the trailer was superficial

and instructed Plaintiff to transfer the trailer. The employees of California Cartage were aware that a "load lock" was supposed to be put in place within the trailer so that the load could not shift, and they did not inspect the inside of the trailer. Accordingly, the California Cartage Company, LLC employees instructed Plaintiff to proceed with transferring the trailer to a loading dock on the premises of California Cartage Company, LLC.

Plaintiff hooked up the trailer to his truck, pulled it around to a loading dock, and backed it in. Plaintiff pulled the seal off and opened the right side door of the trailer, as instructed. He then lifted the left door handle to open the left hand door. However, a fully loaded "case cart," which is approximately three (3) feet wide, seven (7) or eight (8) feet long, and six (6) or seven (7) feet tall was leaning on the door. Consequently, the weight of the "case cart" caused the door to violently spring open and knocked Plaintiff approximately eight (8) feet backwards and onto his back. Defendant John Doe (1), employee of California Cartage Company, LLC, heard the noise of the door slamming into Plaintiff and the "case cart" crashing into the ground. He ran to Plaintiff's aid while radioing to Defendant John Doe (2), another employee of California Cartage Company, LLC. When Defendant John Doe (2) presented to the truck, he yelled, "Oh my God, there's not a 'load lock' in there!"

## LIABILITY

### 10.

Plaintiff realleges and incorporates paragraphs one (1) through nine (9) above as if fully set forth herein.

11.

The employees of Target Corporation, defendants John Doe (3) and John Doe (4), were charged with the duty to place a "load lock" in the trailer to keep shifting loads from spilling out and injuring people, such as Plaintiff, who would open the trailer for unloading.

12.

Defendants John Doe (1) and John Doe (2), employees of California Cartage, called for a forklift to pick up the boxes that fell out with the "case cart" and took pictures of the trailer, depicting that there was no "load lock" in the trailer.

13.

California Cartage Company, LLC and its employees, John Doe (1) and John Doe (2), were negligent in allowing Plaintiff to transfer and open a trailer, which had a visible gash to the left side, indicating that items within the trailer may have shifted.

14.

Defendant Target Corporation and its employees, John Doe (3) and John Doe (4), were negligent in failing to "latch down" the "case cart" and were negligent in failing to place a "load lock" in the particular trailer giving rise to Plaintiff's injuries.

15.

At the time this incident occurred, Plaintiff was an employee of Diamond Staffing Services, Inc; Plaintiff was not an employee of Target Corporation or California Cartage Company, LLC. and this lawsuit is not barred by Georgia's worker's compensation statute.

16.

Defendant California Cartage Company, LLC's employee, Defendant John Doe (1) instructed Plaintiff to transfer the trailer, despite the damage to its left side.

17.

At the time this incident occurred, Defendants John Doe (1) and John Doe (2) were acting within the scope of his/her employment with California Cartage Company, LLC; therefore, Defendant California Cartage Company, LLC is vicariously liable for the negligent actions of its employees, Defendant John Doe (1) and John Doe (2), through the doctrine of *respondeat superior*.

18.

Defendant California Cartage Company, LLC is also directly liable to Plaintiff for its independent acts of negligent hiring and retention of its employees, and/or negligent training of its employees which proximately caused the damages and injuries suffered by Plaintiff.

19.

Defendant Target Corporation's employees, Defendant John Doe (3) and Defendant John Doe (4), loaded the trailer in a negligent manner in that they failed to properly secure the cargo with a "load lock" and failing to "latch down" the "case cart" causing the doors of the particular trailer to swing open and strike Plaintiff.

20.

At the time this incident occurred, Defendant John Doe (3) and John Doe (4) was acting within the scope of his/her employment with Target Corporation; therefore, Defendant

Target Corporation is vicariously liable for the negligent actions of its employee, Defendant John Doe (3) and John Doe (4), through the doctrine of *respondeat superior*.

21.

Defendant Target Corporation is further liable to Plaintiff for its independent acts of negligent hiring and retention of its employees, and/or negligent training of its employees, which proximately caused the damages and injuries suffered by Plaintiff.

22.

Defendant John Doe, Inc. Is also liable to Plaintiff for his injuries, as it was a company hired by Target Corporation and/or California Cartage Company, LLC to load the trailer; however, Defendant John Doe, Inc's employees failed to put in the "load lock" in place before it closed and sealed the trailer.

23.

Taking into account all circumstances existing at the time and place of the Plaintiff's injuries, Plaintiff exercised the prudence and ordinary care any person would have used in a like situation.

24.

Plaintiff was not negligent in any way.

25.

The negligence of the within named Defendants is the sole proximate cause of the incident referenced herein and Plaintiff's damages.

## DAMAGES

### 26.

Plaintiff realleges and incorporates Paragraphs one (1) through twenty-five (25) above as if fully set forth herein.

### 27.

Plaintiff sustained severe and permanent injuries as a result of the incident referenced herein, and Plaintiff is permanently impaired.

### 28.

Plaintiff sustained severe, painful, and permanent personal injuries to his body and mind from which he then suffered, now suffers, and will continue to suffer for the rest of his life as a result of the incident giving rise to this lawsuit.

### 29.

As a result of said personal injuries, Plaintiff sustained excruciating pain and disability of both body and mind, he still so suffers and, so far as he knows, will always thus suffer from said injuries.

### 30.

As a result of the aforementioned incident,  Plaintiff has incurred past medical expenses and will incur future medical expenses.

### 31.

As a further result of said injuries, Plaintiff has so far incurred special damages in the form of medical bills currently amounting to $100,085.17.

### 32.

Plaintiff claims compensatory damages for all elements of the mental and physical

pain and suffering which he has endured, continues to endure, and will endure in the future, all as recognized under Georgia law, and for all other components of pain and suffering which are compensable under Georgia law.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

1) That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

2) That service be had upon Defendants as provided by law;

3) That the Court award and enter a judgment in favor of Plaintiff and against Defendants for compensatory damages in an amount to be proven at trial;

4) That Plaintiff has a trial by a jury as to all issues;

5) That all costs be cast against the Defendants; and,

5) That Plaintiff has such other and further relief as the Court may deem just and proper.

This _25_ day of November, 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorney for Plaintiff
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

PAUL TUTEN                              §
                                       §
     Plaintiff,                    §
                                       §
v.                                     §   CIVIL ACTION FILE NO.
                                       §   STCV1301890
TARGET CORPORATION,                    §
CALIFORNIA CARTAGE                     §
COMPANY, LLC.,                         §
JOHN DOE, INC., JOHN DOE (1),          §
JOHN DOE (2), JOHN DOE (3) and         §
JOHN DOE (4),                          §
                                       §
     Defendants.                   §

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT TARGET CORPORATION

In compliance with O.C.G.A. § 9-11-36, Defendant is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on or before the forty-fifth (45th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant, Defendant serves a written answer, or objection, addressed to each fact.

1.

Defendant Target Corporation is a foreign corporation, which maintains a distribution/warehouse location, amongst other places, at 211 Little Hearst Parkway, 111

Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia, and is subject to the jurisdiction and venue of this court.

2.

Defendant Target Corporation's registered agent for service of process in Georgia is CT Corporation System located at 1201 Peachtree Street NE, Atlanta, Georgia 30361, and may be served by delivering Summons and a copy of this Complaint at that address.

3.

Jurisdiction and venue are proper in this Court with respect to this Defendant.

4.

At the time of the incident giving rise to this lawsuit, Plaintiff was employed with Diamond Staffing Services, Inc. as a "jockey driver."

5.

At approximately 3:00 pm on November 28, 2011, Plaintiff presented to work as an employee of Diamond Staffing Services, Inc at 101 Little Hearst Pkwy, Port Wentworth, Georgia 31407 .

6.

Plaintiff entered his assigned truck, which was located at a back bay door of California Cartage Company, LLC of California Cartage Company, LLC's warehouse.

7.

The trailer Plaintiff was instructed to transfer had a small gash in its left side.

8.

Plaintiff notified his supervisor, Mike Skelley ("Mr. Skelley"), who is an employee of Diamond Staffing Services, Inc., of the gash in the trailer's side.

9.

Mike Skelley was on-site, in the office, on the California Cartage Company, LLC premises.                            10.

Mr. Skelley notified John Doe (1) and John Doe (2), employees of California Cartage Company, LLC, who came and inspected the trailer and took pictures of it.

11.

The trailer had a red seal on the doors.

12.

The red seal had been placed on the trailer by employees of Target Corporation.

13.

The red seal indicated that the trailer had been unopened since leaving the control of Target Corporation.

14.

California Cartage Corporation, LLC employees John Doe (1) and John Doe (2) indicated that the gash on the left side of the trailer was superficial and instructed Plaintiff to transfer the trailer.

15.

The employees of California Cartage were aware, or should have been aware, that a "load lock" was supposed to be put in place within the trailer so that the load could not shift,

and they did not inspect the inside of the trailer.

16.

Despite the gash in the trailer's side, the California Cartage Company, LLC employees instructed Plaintiff to proceed with transferring the trailer to a loading dock on the premises of California Cartage Company, LLC.

17.

Plaintiff hooked up the trailer to his truck, pulled it around to a loading dock, and backed it in.

18.

Plaintiff pulled the seal off and opened the right side door of the trailer, as instructed.

19.

He then lifted the left door handle to open the left hand door.

20.

However, a fully loaded "case cart," which is approximately three (3) feet wide, seven (7) or eight (8) feet long, and six (6) or seven (7) feet tall was leaning on the door.

21.

Consequently, the weight of the "case cart" caused the door to violently spring open and knocked Plaintiff approximately eight (8) feet backwards and onto his back.

22.

Defendant John Doe (1), employee of California Cartage Company, LLC, heard the noise of the door slamming into Plaintiff and the "case cart" crashing into the ground.

23.

John Doe (1) ran to Plaintiff's aid while radioing to Defendant John Doe (2), another employee of California Cartage Company, LLC.

24.

Defendant John Doe (2) presented to the truck, he yelled, "Oh my God, there's not a 'load lock' in there!"

25.

The employees of Target Corporation, defendants John Doe (3) and John Doe (4), were charged with the duty to place a "load lock" in the trailer to keep shifting loads from spilling out and injuring people, such as Plaintiff, who would open the trailer for unloading.

26.

Defendants John Doe (1) and John Doe (2), employees of California Cartage, called for a forklift to pick up the boxes that fell out with the "case cart" and took pictures of the trailer, depicting that there was no "load lock" in the trailer.

27.

California Cartage Company, LLC and its employees, John Doe (1) and John Doe (2), were negligent in allowing Plaintiff to transfer and open a trailer, which had a visible gash to the left side, indicating that items within the trailer may have shifted.

28.

Defendant Target Corporation and its employees, John Doe (3) and John Doe (4), were negligent in failing to "latch down" the "case cart" in the particular trailer giving rise

to Plaintiff's injuries.

29.

Defendant Target Corporation and its employees, John Doe (3) and John Doe (4), were negligent in failing to place a "load lock" in the particular trailer giving rise to Plaintiff's injuries.

30.

At the time this incident occurred, Plaintiff was an employee of Diamond Staffing Services, Inc.

31.

Plaintiff was not an employee of Target Corporation or California Cartage Company, LLC.

32.

This lawsuit is not barred by Georgia's worker's compensation statute.

33.

Defendant California Cartage Company, LLC's employee, Defendant John Doe (1) instructed Plaintiff to transfer the trailer, despite the damage to its left side.

34.

At the time this incident occurred, Defendants John Doe (1) and John Doe (2) were acting within the scope of his/her employment with California Cartage Company, LLC; therefore, Defendant California Cartage Company, LLC is vicariously liable for the negligent actions of its employees, Defendant John Doe (1) and John Doe (2), through the doctrine of *respondeat superior*.

35.

Defendant California Cartage Company, LLC is also directly liable to Plaintiff for its

independent acts of negligent hiring and retention of its employees, and/or negligent training

of its employees which proximately caused the damages and injuries suffered by Plaintiff.

36.

Defendant Target Corporation's employees, Defendant John Doe (3) and Defendant

John Doe (4), loaded the trailer in a negligent manner in that they failed to properly secure

the cargo with a "load lock" and failing to "latch down" the "case cart" causing the doors of

the particular trailer to swing open and strike Plaintiff.

37.

At the time this incident occurred, Defendant John Doe (3) and John Doe (4) were

acting within the scope of his/her employment with Target Corporation; therefore, Defendant

Target Corporation is vicariously liable for the negligent actions of its employee, Defendant

John Doe (3) and John Doe (4), through the doctrine of *respondeat superior*.

38.

Defendant Target Corporation is further liable to Plaintiff for its independent acts of

negligent hiring and retention of its employees, and/or negligent training of its employees,

which proximately caused the damages and injuries suffered by Plaintiff.

39.

Defendant John Doe, Inc. is also liable to Plaintiff for his injuries, as it was a company

hired by Target Corporation and/or California Cartage Company, LLC to load the trailer;

however, Defendant John Doe, Inc's employees failed to put in the "load lock" in place

before it closed and sealed the trailer.

40.

Taking into account all circumstances existing at the time and place of the Plaintiff's injuries, Plaintiff exercised the prudence and ordinary care any person would have used in a like situation.

41.

Plaintiff was not negligent in any way.

42.

The combined negligence of the within named Defendants is the sole proximate cause of the incident referenced herein and Plaintiff's damages.

This 25 day of November, 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

*Plaintiff's First Request for Admissions to Defendant Target Corporation* upon all parties to

the following:

Target Corporation
c/o CT Corporation System, Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

California Cartage Company, LLC.
c/o Don Smart, Registered Agent
127 Abercorn Street
Suite 200
Savannah, Georgia 31401

This 25 day of November, 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| PAUL TUTEN | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION FILE NO. |
| | § | |
| TARGET CORPORATION, | § | |
| CALIFORNIA CARTAGE | § | |
| COMPANY, LLC., | § | |
| JOHN DOE, INC., JOHN DOE (1), | § | |
| JOHN DOE (2), JOHN DOE (3) and | § | |
| JOHN DOE (4), | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## TARGET CORPORATION

COMES NOW, Plaintiff, in the above-styled action and serves these Interrogatories upon the above-named Defendant as opposite parties and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible.

When a question is directed to Defendant, the question is also directed to each of the aforementioned persons. You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, or statistical calculations.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "Occurrence" refers to the collision made the basis of the Complaint for Damages.

4.      (a)     "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address

of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INSTRUCTIONS

**A.** These Interrogatories are of an ongoing nature, and should Defendant acquire additional information responsive to these Interrogatories, the answers shall be updated to provide the additional information.

**B.** Each Interrogatory shall be answered on the basis of the entire knowledge of Defendant, including, but not limited to, information in the possession of Defendant, his officers, directors, employees, consultants, representatives, agents, attorneys, subsidiaries, and subcontractors.

**C.** If any Interrogatory cannot be answered in full, Defendant shall answer to the extent possible and specify reasons for any inability to answer.

**D.** In the event that a privilege to answer is claimed, Defendant shall identify each matter as to which privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim.

**E.** If an Interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that Interrogatory. If Defendant chooses to answer by reference to a document, its answer must identify the document upon which Defendant relies. Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. § 9-11-26(e).

## INTERROGATORIES

### 1.

For any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant for

the claims made in this lawsuit, state the name of each insurance company issuing a policy; the applicable liability limits concerning each policy; and the names of all persons and/or companies insured under each policy.

2.

Please state whether Defendant Target Corporation has been named and served under its correct name or legal entity. If not please state the correct name and legal entity, and explain your answer so that service may be properly obtained.

3.

Please state whether Defendant was aware, prior to the filing of the Complaint in this action, that Plaintiff was injured on November 28, 2011. If so, please state how Defendant was informed of Plaintiff's injury and if any written report was made.

4.

State the name and address of each person and/or entity who was an owner of Target Corporation located at 211 Little Hearst Parkway, 111 Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia on November 28, 2011.

5.

State the name and address of each person who managed and/or controlled the business known as Target Corporation located at 211 Little Hearst Parkway, 111 Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia on November 28, 2011.

6.

State the name and address of the owners and/or occupiers of the premises of 211 Little Hearst Parkway, 111 Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia.

7.

State the contractual relationship between Target Corporation, California Cartage Company, LLC, and Diamond Staffing Services, Inc.

8.

Was any person(s) responsible for supervising the area in which Plaintiff was injured at the time of the incident? If so, for each person, state name, address, job title, a description of duties, and location at the time of the incident.

9.

Describe the location where the incident occurred.

10.

Did you, or any employee, receive any complaint, warning, or other notice concerning a problem with the trailer, which gave rise to Plaintiff's injuries, prior to the incident giving rise to this lawsuit?   If so, state: the date and time it was received; whether it was written, or oral, and, if oral, the substance of it; the name, or other means of identification, and address of the person by whom it was given; the name, address and job title of the person who received it; the nature and location of the danger, or defect, to which it related; whether any action was taken as a result of it; and, if so, a description of action, and the time at which it was taken.

11.

State whether the trailer was inspected prior to the incident to determine whether the trailer was in a safe condition for transport?   If so, state: the frequency of such inspections; the date and time of the last inspection prior to the incident; the name, address and job title

of the person who made the last inspection; a description of, or the substance of, the findings that were made on the last inspection; whether any instructions were given as a result of the last inspection, and, if so, a description of the instructions, and the name of each person to whom such instructions were given.

### 12.

Was any warning given to Plaintiff or any other person concerning any danger in the opening of the trailer?

### 13.

Identify the person(s) who loaded the trailer, which gave rise to Plaintiff's injuries on November 28, 2011. For each person, state the name, address, job title, and a description of that person's duties.

### 14.

For each person who loaded or assisted with loading the trailer that gave rise to Plaintiff's injuries, state the exact detail of their duties and procedures on November 28, 2011. State specially who closed and latched the door of said trailer.

### 15.

State whether or not the trailer had a seal on it. If so, state the seal number and who sealed the trailer.

### 16.

State whether or not the trailer had a "load lock" on it. If so, identify who placed the "load lock" on the trailer.

17.

Identify the owner of the trailer that was involved in the incident that gave rise to Plaintiff's injuries.

18.

Describe fully and accurately what a "case cart" is and its uses.

19.

Was an investigation made by anyone as a result of the incident? For each investigation, state: the date it was made; the name, address and occupation of each person who made it; whether any report was made of it; and, if so, the name and address of the person who has custody of the report.

20.

Identify who is responsible for inspecting the trailers after they are loaded? Identify such person or entity by name, address, corporation (if any), and telephone number.

21.

Identify each and every person who was in the vicinity of the incident, including who drove the forklifts to remove the merchandise that fell out of the trailer.

22.

State in detail, the duties of a "jockey driver."

23.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person is liable for which in any way contributed to causing the subject occurrence and/or any of Plaintiff's damages. Please supply any statutory authority in support of these contentions.

24.

Do you have, or know of the existence of, any photograph, or diagram relating to any matter concerning the incident? If so, for each photograph or diagram, give a description of what it depicts; the name, address and occupation of the person who took, or made it; the date, time and place it was taken or made; the name and address of the person who has custody of it.

25.

Were any statements obtained by you, or on your behalf, from any person concerning the incident? If so, for each statement, state: the name, address, occupation and name of employer of the person who made it; the name, address and occupation of the person who obtained it; the date and time it was obtained; whether written or oral, and, if written, the name and address of the person who has custody of it.

26.

Did any employees or person(s) witness the incident? With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning the incident of November 28, 2011, which is the subject of this lawsuit: identify each person, including their name, physical address, telephone number and place of employment; state whether you have obtained a statement from them, the date the statement was obtained, and identity the person who took the statement; and describe the information which record, reflect, or otherwise evidence statements they have given and your communications with them.

27.

What is the name, or other means of identification, and address of each other person who has knowledge of any fact, or record, relating to the incident?

28.

State who completed the information on any incident reports that were filed in connection with the incident giving rise to this action. Identify such person by name, address, telephone number, and present employment status.

29.

Has any other incident occurred on your premises in the same area as, or in a similar manner to, the incident in which Plaintiff was injured? If so, for each incident, state: the date and time it occurred; the description of how it occurred; the name, or other means of identification, and address of the person to whom it occurred; the location in which it occurred; and whether any safety precaution was taken as a result of it, and, if so, a description of such safety precaution.

30.

Identify by name, address, telephone number, and present employment status any person who was working at Target Corporation located at 211 Little Hearst Parkway, 111 Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia, on November 28, 2011.

31.

State all duties for each and every associate, manager, or other employee that was employed by Target Corporation located at 211 Little Hearst Parkway, 111 Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia, on November 28, 2011.

### 32.

State in detail the full procedure for loading and securing trailers.

### 33.

State specifically the training and rules related to loading and unloading trailers.

### 34.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

### 35.

If you have denied any one or more of Plaintiff's First Admissions to Defendant, please state your grounds for each such denial, and specify the facts on which you base such denial.

### 36.

Please identify any potential parties to this lawsuit, not already a party hereto.

This 25 day of November 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 611154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Plaintiff's*

*First Interrogatories to Defendant Target Corporation* upon all parties to the following:

Target Corporation
c/o CT Corporation System, Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

California Cartage Company, LLC.
c/o Don Smart, Registered Agent
127 Abercorn Street
Suite 200
Savannah, Georgia 31401

This _25_ day of _November_ 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

PAUL TUTEN

  Plaintiff,

v.

TARGET CORPORATION,
CALIFORNIA CARTAGE
COMPANY, LLC.,
JOHN DOE, INC., JOHN DOE (1),
JOHN DOE (2), JOHN DOE (3) and
JOHN DOE (4),

  Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

  CIVIL ACTION FILE NO.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT TARGET CORPORATION

  COMES NOW, Plaintiff, and serves this Request for Production upon the named Defendant and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendants, that Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to reasonably supplement or amend a prior response. If no such information exists to comply with a particular request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail, if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production. The documents to be produced are the following:

1.

Please provide a copy of any incident report(s) which were prepared regarding the incident giving rise to this lawsuit.

2.

Please provide a copy of all literature and manuals of any type regarding safety standards set by the Defendant with regard to inspecting and maintaining the premises.

3.

Please provide a copy of each and every surveillance tape that was recorded outside Target Corporation located at 211 Little Hearst Parkway, 111 Little Hearst Parkway, and 201 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia.

4.

Please produce a complete copy of all policies of insurance (to include declarations pages) which do or may afford liability insurance coverage for the Defendant with respect to Plaintiff's claims against the Defendant.

5.

Please produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by Target Corporation, conducted in the usual and ordinary course of business relating to the incident which occurred on November 28, 2011.

6.

Please produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the incident which occurred on November 28, 2011.

7.

Please provide any copies of documents identified in your responses to Plaintiff's First Interrogatories to Defendant Target Corporation.

8.

Please produce copies of all photographs in your possession or in the possession of your insurance company of the incident giving rise to this lawsuit, including the photographs of the investigation of the gash in the side of the trailer.

9.

Please produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any persons claiming to have been in the sight, hearing or in the approximate vicinity of the incident which occurred on November 28, 2011.

10.

Please produce a copy of any recorded statement(s) (or transcript thereof) taken of Plaintiff(s).

11.

Please produce copies of all documents received through third-party requests.

This 25 day of Nov. , 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiffs
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

*Plaintiff's First Request for Production of Documents to Defendant Target Corporation*

upon all parties to the following:

Target Corporation
c/o CT Corporation System, Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

California Cartage Company, LLC.
c/o Don Smart, Registered Agent
127 Abercorn Street
Suite 200
Savannah, Georgia 31401

This _25_ day of _Nov._ , 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

PAUL TUTEN                                          §
                                                   §
     Plaintiff,                                §
                                                   §
v.                                                 §    CIVIL ACTION FILE NO.
                                                   §    STCV1301890
TARGET CORPORATION,                                §
CALIFORNIA CARTAGE                                 §
COMPANY, LLC.,                                     §
JOHN DOE, INC., JOHN DOE (1),                      §
JOHN DOE (2), JOHN DOE (3) and                     §
JOHN DOE (4),                                      §
                                                   §
     Defendants.                              §

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CALIFORNIA CARTAGE COMPANY, LLC

In compliance with O.C.G.A. § 9-11-36, Defendant is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on or before the forty-fifth (45th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant, Defendant serves a written answer, or objection, addressed to each fact.

1.

Defendant California Cartage Company, LLC. is a foreign corporation, which maintains a warehousing location, among other places, at 101 Little Hearst Parkway, Port

Wentworth, Chatham County, Georgia, and is subject to the jurisdiction and venue of this court.

2.

Defendant California Cartage Company, LLC.'s registered agent for service of process in Georgia is Don Smart located at 127 Abercorn Street, Suite 200, Savannah, Georgia 31401, and may be served by delivering Summons and a copy of the Complaint at that address.

3.

Jurisdiction and venue are proper in this Court with respect to this Defendant.

4.

At the time of the incident giving rise to this lawsuit, Plaintiff was employed with Diamond Staffing Services, Inc. as a "jockey driver."

5.

At approximately 3:00 pm on November 28, 2011, Plaintiff presented to work as an employee of Diamond Staffing Services, Inc at 101 Little Hearst Pkwy, Port Wentworth, Georgia 31407.

6.

Plaintiff entered his assigned truck, which was located at a back bay door of California Cartage Company, LLC of California Cartage Company, LLC's warehouse.

7.

The trailer that Plaintiff was instructed to transfer had a small gash in its left side.

8.

Plaintiff notified his supervisor, Mike Skelley ("Mr. Skelley"), who is an employee of Diamond Staffing Services, Inc., of the gash in the trailer's side.

9.

Mike Skelley was on-site, in the office, on the California Cartage Company, LLC premises.

10.

Mike Skelley notified John Doe (1) and John Doe (2), employees of California Cartage Company, LLC, who came and inspected the trailer and took pictures of it.

11.

The trailer had a red seal on the doors.

12.

The red seal had been placed on the trailer by employees of Target Corporation.

13.

The red seal indicated that the trailer had been unopened since leaving the control of Target Corporation.

14.

California Cartage Corporation, LLC's employees John Doe (1) and John Doe (2) indicated that the gash on the left side of the trailer was superficial and instructed Plaintiff to transfer the trailer.

15.

The employees of California Cartage were aware, or should have been aware, that a

"load lock" was supposed to be put in place within the trailer so that the load could not shift.

16.

Despite the gash in the trailer's side, the California Cartage Company, LLC employees instructed Plaintiff to proceed with transferring the trailer to a loading dock on the premises of California Cartage Company, LLC.

17.

Plaintiff hooked up the trailer to his truck, pulled it around to a loading dock, and backed it in.

18.

Plaintiff pulled the seal off and opened the right side door of the trailer, as instructed.

19.

He then lifted the left door handle to open the left hand door.

20.

However, a fully loaded "case cart," which is approximately three (3) feet wide, seven (7) or eight (8) feet long, and six (6) or seven (7) feet tall was leaning on the door.

21.

Consequently, the weight of the "case cart" caused the door to violently spring open and knocked Plaintiff approximately eight (8) feet backwards and onto his back.

22.

Defendant John Doe (1), employee of California Cartage Company, LLC, heard the noise of the door slamming into Plaintiff and the "case cart" crashing into the ground.

23.

John Doe (1) ran to Plaintiff's aid while radioing to Defendant John Doe (2), another employee of California Cartage Company, LLC.

24.

Defendant John Doe (2) presented to the truck, he yelled, "Oh my God, there's not a 'load lock' in there!"

25.

The employees of Target Corporation, defendants John Doe (3) and John Doe (4), were charged with the duty to place a "load lock" in the trailer to keep shifting loads from spilling out and injuring people, such as Plaintiff, who would open the trailer for unloading.

26.

Defendants John Doe (1) and John Doe (2), employees of California Cartage, called for a forklift to pick up the boxes that fell out with the "case cart" and took pictures of the trailer, depicting that there was no "load lock" in the trailer.

27.

California Cartage Company, LLC and its employees, John Doe (1) and John Doe (2), were negligent in allowing Plaintiff to transfer and open a trailer, which had a visible gash to the left side, indicating that items within the trailer may have shifted.

28.

Defendant Target Corporation and its employees, John Doe (3) and John Doe (4), were negligent in failing to "latch down" the "case cart" in the particular trailer giving rise

to Plaintiff's injuries.

29.

Defendant Target Corporation and its employees, John Doe (3) and John Doe (4), were negligent in failing to place a "load lock" in the particular trailer giving rise to Plaintiff's injuries.

30.

At the time this incident occurred, Plaintiff was an employee of Diamond Staffing Services, Inc.

31.

Plaintiff was not an employee of Target Corporation or California Cartage Company, LLC.

32.

This lawsuit is not barred by Georgia's worker's compensation statute.

33.

Defendant California Cartage Company, LLC's employee, Defendant John Doe (1) instructed Plaintiff to transfer the trailer, despite the damage to its left side.

34.

At the time this incident occurred, Defendants John Doe (1) and John Doe (2) were acting within the scope of his/her employment with California Cartage Company, LLC; therefore, Defendant California Cartage Company, LLC is vicariously liable for the negligent actions of its employees, Defendant John Doe (1) and John Doe (2), through the doctrine of *respondeat superior*.

35.

Defendant California Cartage Company, LLC is also directly liable to Plaintiff for its independent acts of negligent hiring and retention of its employees, and/or negligent training of its employees which proximately caused the damages and injuries suffered by Plaintiff.

36.

Defendant Target Corporation's employees, Defendant John Doe (3) and Defendant John Doe (4), loaded the trailer in a negligent manner in that they failed to properly secure the cargo with a "load lock" and failing to "latch down" the "case cart" causing the doors of the particular trailer to swing open and strike Plaintiff.

37.

At the time this incident occurred, Defendant John Doe (3) and John Doe (4) were acting within the scope of his/her employment with Target Corporation; therefore, Defendant Target Corporation is vicariously liable for the negligent actions of its employee, Defendant John Doe (3) and John Doe (4), through the doctrine of *respondeat superior*.

38.

Defendant Target Corporation is further liable to Plaintiff for its independent acts of negligent hiring and retention of its employees, and/or negligent training of its employees, which proximately caused the damages and injuries suffered by Plaintiff.

39.

Defendant John Doe, Inc. is also liable to Plaintiff for his injuries, as it was a company hired by Target Corporation and/or California Cartage Company, LLC to load the trailer; however, Defendant John Doe, Inc's employees failed to put in the "load lock" in place

before it closed and sealed the trailer.

40.

Taking into account all circumstances existing at the time and place of the Plaintiff's injuries, Plaintiff exercised the prudence and ordinary care any person would have used in a like situation.

41.

Plaintiff was not negligent in any way.

42.

The combined negligence of the within named Defendants is the sole proximate cause of the incident referenced herein and Plaintiff's damages.

This 25 day of November 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

*Plaintiff's First Request for Admissions to Defendant California Cartage Corporation, LLC.*

upon all parties to the following:

Target Corporation
c/o CT Corporation System, Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

California Cartage Company, LLC.
c/o Don Smart, Registered Agent
127 Abercorn Street
Suite 200
Savannah, Georgia 31401

This _25_ day of _November_, 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **PAUL TUTEN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION FILE NO.** |
| | § | |
| **TARGET CORPORATION,** | § | |
| **CALIFORNIA CARTAGE** | § | |
| **COMPANY, LLC.,** | § | |
| **JOHN DOE, INC., JOHN DOE (1),** | § | |
| **JOHN DOE (2), JOHN DOE (3) and** | § | |
| **JOHN DOE (4),** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### CALIFORNIA CARTAGE COMPANY, LLC

COMES NOW, Plaintiff, in the above-styled action and serves these Interrogatories upon

the above-named Defendant as opposite parties and request that they be fully answered in writing

and under oath within forty-five (45) days of the date of service. These Interrogatories are

served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of

O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you

are required to supplement or amend any prior response if the person or entity to whom these

Interrogatories are addressed ascertains any change, different or added fact, condition or

circumstances, or there be any other witness(es) or evidence. Each Interrogatory is addressed

to the personal knowledge of the Defendant, as well as to the knowledge and information of

Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant

is unable to answer a question completely, the question should be answered as fully as possible.

When a question is directed to Defendant, the question is also directed to each of the aforementioned persons. You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "Document" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, or statistical calculations.

2.    "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.    "Occurrence" refers to the collision made the basis of the Complaint for Damages.

4.    (a)    "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address

of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INSTRUCTIONS

**A.** These Interrogatories are of an ongoing nature, and should Defendant acquire additional information responsive to these Interrogatories, the answers shall be updated to provide the additional information.

**B.** Each Interrogatory shall be answered on the basis of the entire knowledge of Defendant, including, but not limited to, information in the possession of Defendant, his officers, directors, employees, consultants, representatives, agents, attorneys, subsidiaries, and subcontractors.

**C.** If any Interrogatory cannot be answered in full, Defendant shall answer to the extent possible and specify reasons for any inability to answer.

**D.** In the event that a privilege to answer is claimed, Defendant shall identify each matter as to which privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim.

**E.** If an Interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that Interrogatory. If Defendant chooses to answer by reference to a document, its answer must identify the document upon which Defendant relies. Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. § 9-11-26(e).

## INTERROGATORIES

1.

For any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant for

the claims made in this lawsuit, state the name of each insurance company issuing a policy; the applicable liability limits concerning each policy; and the names of all persons and/or companies insured under each policy.

2.

Please state whether Defendant California Cartage Company, LLC has been named and served under its correct name or legal entity. If not please state the correct name and legal entity, and explain your answer so that service may be properly obtained.

3.

Please state whether Defendant California Cartage Company, LLC was aware, prior to the filing of the Complaint in this action, that Plaintiff was injured on November 28, 2011. If so, please state how Defendant California Cartage Company, LLC was informed of Plaintiff's injury and if any written report was made.

4.

State the name and address of each person and/or entity who was an owner of California Cartage Company, LLC located at 101 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia on November 28, 2011.

5.

State the name and address of each person who managed and/or controlled the business known as California Cartage Company, LLC located at 101 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia on November 28, 2011.

6.

State the name and address of the owners and/or occupiers of the premises 101 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia.

7.

State the contractual relationship between Target Corporation, California Cartage Company, LLC, and Diamond Staffing Services, Inc.

8.

Was any person(s) responsible for supervising the area in which Plaintiff was injured at the time of the incident? If so, for each person, state name, address, job title, a description of duties, and location at the time of the incident.

9.

Describe the location where the incident occurred.

10.

Did you, or any employee, receive any complaint, warning, or other notice concerning a problem with the trailer, which gave rise to Plaintiff's injuries, prior to the incident giving rise to this lawsuit? If so, state: the date and time it was received; whether it was written, or oral, and, if oral, the substance of it; the name, or other means of identification, and address of the person by whom it was given; the name, address and job title of the person who received it; the nature and location of the danger, or defect, to which it related; whether any action was taken as a result of it; and, if so, a description of action, and the time at which it was taken.

11.

State whether the trailer was inspected prior to the incident to determine whether the trailer was in a safe condition for transport? If so, state: the frequency of such inspections; the date and time of the last inspection prior to the incident; the name, address and job title

of the person who made the last inspection; a description of, or the substance of, the findings that were made on the last inspection; whether any instructions were given as a result of the last inspection, and, if so, a description of the instructions, and the name of each person to whom such instructions were given.

12.

Was any warning given to Plaintiff or any other person concerning any danger in the opening of the trailer?

13.

Identify the person(s) who loaded the trailer, which gave rise to Plaintiff's injuries on November 28, 2011. For each person, state the name, address, job title, and a description of that person's duties.

14.

For each person who loaded or assisted with loading the trailer that gave rise to Plaintiff's injuries, state the exact detail of their duties and procedures on November 28, 2011. State specially who closed and latched the door of said trailer.

15.

State whether or not the trailer had a seal on it. If so, state the seal number and who sealed the trailer.

16.

State whether or not the trailer had a "load lock" on it. If so, identify who placed the "load lock" on the trailer.

17.

Identify the owner of the trailer that was involved in the incident that gave rise to Plaintiff's injuries.

18.

Describe fully and accurately what a "case cart" is and its uses.

19.

Was an investigation made by anyone as a result of the incident? For each investigation, state: the date it was made; the name, address and occupation of each person who made it; whether any report was made of it; and, if so, the name and address of the person who has custody of the report.

20.

Identify who is responsible for inspecting the trailers after they are loaded? Identify such person or entity by name, address, corporation (if any), and telephone number.

21.

Identify each and every person who was in the vicinity of the incident, including who drove the forklifts to remove the merchandise that fell out of the trailer.

22.

State in detail, the duties of a "jockey driver."

23.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person is liable for which in any way contributed to causing the subject occurrence and/or any of Plaintiff's damages. Please supply any statutory authority in support of these contentions.

24.

Do you have, or know of the existence of, any photograph, or diagram relating to any matter concerning the incident? If so, for each photograph or diagram, give a description of what it depicts; the name, address and occupation of the person who took, or made it; the date, time and place it was taken or made; the name and address of the person who has custody of it.

25.

Were any statements obtained by you, or on your behalf, from any person concerning the incident? If so, for each statement, state: the name, address, occupation and name of employer of the person who made it; the name, address and occupation of the person who obtained it; the date and time it was obtained; whether written or oral, and, if written, the name and address of the person who has custody of it.

26.

Did any employees or person(s) witness the incident? With respect to each person who witnessed, or claims to have witnessed, or has knowledge of any facts concerning the incident of November 28, 2011, which is the subject of this lawsuit: identify each person, including their name, physical address, telephone number and place of employment; state whether you have obtained a statement from them, the date the statement was obtained, and identity the person who took the statement; and describe the information which record, reflect, or otherwise evidence statements they have given and your communications with them.

27.

What is the name, or other means of identification, and address of each other person who has knowledge of any fact, or record, relating to the incident?

28.

State who completed the information on any incident reports that were filed in connection with the incident giving rise to this action. Identify such person by name, address, telephone number, and present employment status.

29.

Has any other incident occurred on your premises in the same area as, or in a similar manner to, the incident in which Plaintiff was injured? If so, for each incident, state: the date and time it occurred; the description of how it occurred; the name, or other means of identification, and address of the person to whom it occurred; the location in which it occurred; and whether any safety precaution was taken as a result of it, and, if so, a description of such safety precaution.

30.

Identify by name, address, telephone number, and present employment status any person who was working at California Cartage Company, LLC located at 101 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia, on November 28, 2011.

31.

State all duties for each and every associate, manager, or other employee that was employed by California Cartage Company, LLC located at 101 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia, on November 28, 2011.

32.

State in detail the full procedure for loading and securing trailers.

33.

State specifically the training and rules related to loading and unloading trailers.

34.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

35.

If you have denied any one or more of Plaintiff's First Admissions to Defendant, please state your grounds for each such denial, and specify the facts on which you base such denial.

36.

Please identify any potential parties to this lawsuit, not already a party hereto.

This __25__ day of __Nov__ , 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 611154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Plaintiff's*

*First Interrogatories to Defendant California Cartage Company, LLC* upon all parties to the

following:

Target Corporation
c/o CT Corporation System, Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

California Cartage Company, LLC.
c/o Don Smart, Registered Agent
127 Abercorn Street
Suite 200
Savannah, Georgia 31401

This 25 day of Nov. , 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **PAUL TUTEN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION FILE NO.** |
| | § | |
| **TARGET CORPORATION,** | § | |
| **CALIFORNIA CARTAGE** | § | |
| **COMPANY, LLC.,** | § | |
| **JOHN DOE, INC., JOHN DOE (1),** | § | |
| **JOHN DOE (2), JOHN DOE (3) and** | § | |
| **JOHN DOE (4),** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CALIFORNIA CARTAGE COMPANY, LLC

COMES NOW, Plaintiff, and serves this Request for Production upon the named Defendant and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendants, that Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to reasonably supplement or amend a prior response. If no such information exists to comply with a particular request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail, if documents are voluminous, please contact Plaintiff's counsel to arrange an alternative production. The documents to be produced are the following:

1.

Please provide a copy of any incident report(s) which were prepared regarding the incident giving rise to this lawsuit.

2.

Please provide a copy of all literature and manuals of any type regarding safety standards set by the Defendant with regard to inspecting and maintaining the premises.

3.

Please provide a copy of each and every surveillance tape that was recorded outside California Cartage Company, LLC located at 101 Little Hearst Parkway in Port Wentworth, Chatham County, Georgia.

4.

Please produce a complete copy of all policies of insurance (to include declarations pages) which do or may afford liability insurance coverage for the Defendant with respect to Plaintiff's claims against the Defendant.

5.

Please produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by California Cartage Company, LLC, conducted in the usual and ordinary course of business relating to the incident which occurred on November 28, 2011.

6.

Please produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the incident which occurred on November 28, 2011.

7.

Please provide any copies of documents identified in your responses to Plaintiff's First Interrogatories to Defendant California Cartage Company, LLC .

8.

Please produce copies of all photographs in your possession or in the possession of your insurance company of the incident giving rise to this lawsuit, including the photographs of the investigation of the gash in the side of the trailer.

9.

Please produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any persons claiming to have been in the sight, hearing or in the approximate vicinity of the incident which occurred on November 28, 2011.

10.

Please produce a copy of any recorded statement(s) (or transcript thereof) taken of Plaintiff(s).

11.

Please produce copies of all documents received through third-party requests.

This 25 day of Nov., 2013.

THE SULLIVAN LAW FIRM, P.C.

_____
Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiffs
100 Brampton Avenue, Suite 2F/A
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

*Plaintiff's First Request for Production of Documents to Defendant California Cartage*

*Company, LLC* upon all parties to the following:

Target Corporation
c/o CT Corporation System, Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

California Cartage Company, LLC.
c/o Don Smart, Registered Agent
127 Abercorn Street
Suite 200
Savannah, Georgia 31401

This 25 day of Nov , 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 691535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

2013 NOV 25  PM 4: 24

*Brian R. Hart*

| | |
|---|---|
| PAUL TUTEN | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § CIVIL ACTION FILE NO. |
| | § |
| TARGET CORPORATION, | § |
| CALIFORNIA CARTAGE CO., LLC. | § |
| JOHN DOE, INC., JOHN DOE (1), | § |
| JOHN DOE (2), JOHN DOE (3) and | § |
| JOHN DOE (4), | § |
| | § |
| **Defendants.** | § |

## CERTIFICATE PURSUANT TO UNIFORM
## SUPERIOR COURT RULE 5.2

COMES NOW, Plaintiff  in the above-styled suit, and files this Certificate in compliance with Uniform State Court Rule 5.2.

*Plaintiff's First Request for Admissions to Defendant Target Corporation, Plaintiff's First Request for Admissions to Defendant California Cartage Company, LLC, Plaintiff's First Interrogatories to Defendant Target Corporation, Plaintiff's First Interrogatories to Defendant California Cartage Company, LLC, Plaintiff's First Request for Production of Documents and Things to Defendant Target Corporation,* and *Plaintiff's First Request for Production of Documents and Things to Defendants California Cartage Company, LLC* have been served upon all parties in the foregoing matter to the following addresses:

Target Corporation
c/o CT Corporation System, Registered Agent
1201 Peachtree Street NE
Atlanta, Georgia 30361

California Cartage Company, LLC.
c/o Don Smart, Registered Agent
127 Abercorn Street
Suite 200
Savannah, Georgia 31401

This 25 day of November 2013.

THE SULLIVAN LAW FIRM, P.C.

Robert Sullivan
Georgia State Bar No. 6913535
Patrick Sullivan
Georgia State Bar No. 511154

THE SULLIVAN LAW FIRM, P.C.
Attorneys for Plaintiff
Post Office Box 1898
Statesboro, Georgia 30459
(912) 489-8888

# EXHIBIT

# "B"

Home (/)        Search (/Business/Search)        Filings (/Business/Filings)

Search » Business Filings

## Business Record Details »



«Back to Search Results

Minnesota Business Name
**Target Corporation**

Business Type
**Business Corporation (Domestic)**

File Number
**11-AA**

Filing Date
**02/11/1902**

Renewal Due Date:
**12/31/2014**

Number of Shares
**6,005,000,000**

Chief Executive Officer
**Gregg W Steinhafel**
**1000 Nicollet Mall**
**Mpls MN 55403**
**USA**

MN Statute
**302A**

Home Jurisdiction
**Minnesota**

Status
**Active / In Good Standing**

Registered Office Address
**1000 Nicollet Mall**
**Mpls MN 55403**
**USA**

Registered Agent(s)
**(Optional) None provided**

Principal Executive Office Address
**1000 Nicollet Mall, TPS-2672**
**Mpls MN 55403**
**USA**

| Filing History | Renewal History |

### Filing History

| | |
|---|---|
| 02/11/1902 | Original Filing - Business Corporation (Domestic) |
| 02/11/1902 | Business Corporation (Domestic) Business Name |
| 05/25/1903 | Business Corporation (Domestic) Business Name |
| 05/17/1911 | Business Corporation (Domestic) Business Name |

| | |
|---|---|
| 08/04/1915 | Business Corporation (Domestic) Change of Shares |
| 02/04/1919 | Business Corporation (Domestic) Change of Shares |
| 11/29/1922 | Business Corporation (Domestic) Change of Shares |
| 07/25/1928 | Business Corporation (Domestic) Change of Shares |
| 08/12/1931 | Business Corporation (Domestic) Duration |
| 02/16/1939 | Amendment - Business Corporation (Domestic) |
| 07/25/1939 | Amendment - Business Corporation (Domestic) |
| 03/18/1949 | Business Corporation (Domestic) Duration |
| 12/30/1950 | Consent to Use of Name - Business Corporation (Domestic) |
| 07/28/1955 | Business Corporation (Domestic) Change of Shares |
| 12/31/1958 | Business Corporation (Domestic) Change of Shares |
| 12/31/1958 | Merger - Business Corporation (Domestic) |
| 02/02/1959 | Merger - Business Corporation (Domestic) |
| 04/30/1963 | Amendment - Business Corporation (Domestic) |
| 09/02/1964 | Business Corporation (Domestic) Change of Shares |
| 03/02/1966 | Business Corporation (Domestic) Change of Shares |
| 12/06/1966 | Amendment - Business Corporation (Domestic) |
| 01/27/1967 | Business Corporation (Domestic) Change of Shares |
| 05/29/1967 | Consent to Use of Name - Business Corporation (Domestic) |
| 07/28/1967 | Business Corporation (Domestic) Change of Shares |
| 09/08/1967 | Business Corporation (Domestic) Business Name |
| 09/06/1967 | Registered Office and/or Agent - Business Corporation (Domestic) |
| 11/24/1967 | Merger - Business Corporation (Domestic) |
| 12/08/1967 | Business Corporation (Domestic) Change of Shares |
| 05/07/1968 | Merger - Business Corporation (Domestic) |
| 02/13/1969 | Business Corporation (Domestic) Change of Shares |
| 03/18/1969 | Business Corporation (Domestic) Change of Shares |
| 05/22/1969 | Amendment - Business Corporation (Domestic) |
| 06/20/1969 | Business Corporation (Domestic) Business Name |
| 07/23/1970 | Amendment - Business Corporation (Domestic) |
| 06/16/1972 | Registered Office and/or Agent - Business Corporation (Domestic) |
| 01/04/1974 | Merger - Business Corporation (Domestic) |
| 04/25/1975 | Merger - Business Corporation (Domestic) |
| 04/25/1975 | Merger - Business Corporation (Domestic) |
| 01/27/1976 | Merger - Business Corporation (Domestic) |
| 04/27/1976 | Merger - Business Corporation (Domestic) |
| 02/01/1977 | Merger - Business Corporation (Domestic) |
| 05/24/1978 | Business Corporation (Domestic) Change of Shares |
| 06/24/1982 | Business Corporation (Domestic) Active Status Report |
| 11/22/1982 | Merger - Business Corporation (Domestic) |
| 05/26/1983 | Business Corporation (Domestic) Change of Shares |
| 04/19/1984 | Consent to Use of Name - Business Corporation (Domestic) |
| 05/31/1985 | Business Corporation (Domestic) Restated Articles |
| 05/31/1985 | Business Corporation (Domestic) Business Name |
| 01/15/1986 | Merger - Business Corporation (Domestic) |
| 05/30/1986 | Business Corporation (Domestic) Change of Shares |
| 09/23/1986 | Amendment - Business Corporation (Domestic) |

| | |
|---|---|
| 06/03/1987 | Amendment - Business Corporation (Domestic) |
| 05/25/1988 | Amendment - Business Corporation (Domestic) |
| 01/11/1990 | Business Corporation (Domestic) Other |
| 06/21/1996 | Business Corporation (Domestic) Change of Shares |
| 09/12/1996 | Business Corporation (Domestic) Other |
| 09/18/1997 | Merger - Business Corporation (Domestic) |
| 01/28/1998 | Merger - Business Corporation (Domestic) |
| 04/10/1998 | Business Corporation (Domestic) Change of Shares |
| 09/11/1998 | Business Corporation (Domestic) Other |
| 01/13/2000 | Business Corporation (Domestic) Business Name |
| 01/13/2000 | Merger - Business Corporation (Domestic) |
| 01/28/2000 | Consent to Use of Name - Business Corporation (Domestic) |
| 01/28/2000 | Merger - Business Corporation (Domestic) |
| 01/28/2000 | Merger - Business Corporation (Domestic) |
| 06/16/2000 | Business Corporation (Domestic) Change of Shares |
| 11/17/2000 | Merger - Business Corporation (Domestic) |
| 09/18/2001 | Business Corporation (Domestic) Other |
| 02/21/2002 | Business Corporation (Domestic) Restated Articles |
| 02/21/2002 | Registered Office and/or Agent - Business Corporation (Domestic) |
| 12/23/2002 | Merger - Business Corporation (Domestic) |
| 01/31/2003 | Merger - Business Corporation (Domestic) |
| 04/20/2005 | Merger - Business Corporation (Domestic) |
| 06/14/2005 | Merger - Business Corporation (Domestic) |
| 08/31/2005 | Merger - Business Corporation (Domestic) |
| 10/27/2005 | Business Corporation (Domestic) Other |
| 10/28/2005 | Merger - Business Corporation (Domestic) |
| 10/28/2005 | Merger - Business Corporation (Domestic) |
| 11/09/2005 | Merger - Business Corporation (Domestic) |
| 11/22/2005 | Merger - Business Corporation (Domestic) |
| 07/13/2006 | Merger - Business Corporation (Domestic) |
| 05/24/2007 | Amendment - Business Corporation (Domestic) |
| 05/24/2007 | Business Corporation (Domestic) Other |
| 06/17/2008 | Merger - Business Corporation (Domestic) |
| 01/27/2009 | Merger - Business Corporation (Domestic) |
| 06/10/2010 | Business Corporation (Domestic) Restated Articles |
| 11/22/2010 | Merger - Business Corporation (Domestic) |

**Office of the MN Secretary of State Home Page** (http://www.sos.state.mn.us)

**System Requirements**

The MBLS application works with the following web browsers:

- Microsoft Internet Explorer

**Additional MBLS Information**

Terms & Conditions (http://www.sos.state.mn.us/index.a page=1667)

Contact Us

(version 7+)
- Mozilla Firefox (version 3.5+)
- Apple Safari (version 3+)
- Google Chrome

(http://www.sos.state.mn.us/index.a
page=42)
Frequently Asked Questions (FAQ)
(http://www.sos.state.mn.us/index.a
page=12)

Copyright 2011 | Secretary of State of Minnesota | All rights reserved

# EXHIBIT

## "C"



*common good* *privacy* *All people Liberty Speak Conscience without discrimination.*

# California Secretary of State Debra Bowen

Secretary of State    Administration   Elections   **Business Programs**   Political Reform   Archives   Registries

**Business Entities (BE)**

Online Services
- **E-File Statements of Information for Corporations**
- **Business Search**
- **Processing Times**
- **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business Solicitations**

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, December 31, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | CALIFORNIA CARTAGE COMPANY, LLC |
| Entity Number: | 200616510140 |
| Date Filed: | 06/12/2006 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | PO BOX 92829 |
| Entity City, State, Zip: | LONG BEACH CA 90809-2829 |
| Agent for Service of Process: | ROBERT SANDERS |
| Agent Address: | 2931 REDONDO AVE |
| Agent City, State, Zip: | LONG BEACH CA 90806 |

\* Indicates the information is not contained in the California Secretary of State's database.

\* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**    **New Search**    **Printer Friendly**    **Back to Search Results**

**Privacy Statement** | **Free Document Readers**
Copyright © 2014   California Secretary of State

# EXHIBIT

# "D"

**Adam M. Masarek**

| | |
|---|---|
| **From:** | Peter D. Muller [PMuller@GMLJ.com] |
| **Sent:** | Friday, January 03, 2014 5:31 PM |
| **To:** | Adam M. Masarek |
| **Cc:** | Stephen Dermer |
| **Subject:** | Tuten: removal pleadings |
| **Attachments:** | image001.jpg |

On behalf of my client California Cartage, this email hereby constitutes my consent, pursuant to 28 USC 1446(b)(2)(A), to Target removing this suit to federal court. You are authorized to state in your removal papers that I have consented, per my discussion with Steve Dermer this morning.

Peter D. Muller
Goodman McGuffey Lindsey & Johnson, LLP



G O O D M A N
M c G U F F E Y
L I N D S E Y &
J O H N S O N LLP

Direct: (912) 503-2170
Office: (912) 355-6433
Fax: (912) 355-6434
PMuller@GMLJ.com
Licensed in GA

532 Stephenson Avenue, Suite 200, Savannah, GA  31405-5487
**Atlanta • Orlando • Savannah • Charlotte • Sarasota • Charleston • Raleigh**

CONFIDENTIALITY NOTICE: The information contained in this transmittal is legally privileged and confidential information intended only for the use of the individual or entity to which it was intended to be directed. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this transmittal is strictly prohibited. If you receive this transmittal in error, please immediately notify us by reply email and delete the original transmittal. Thank you.

Peter D. Muller
Goodman McGuffey Lindsey & Johnson, LLP

☒

Direct: (912) 503-2170
Office: (912) 355-6433
Fax: (912) 355-6434
PMuller@GMLJ.com
Licensed in GA

532 Stephenson Avenue, Suite 200, Savannah, GA  31405-5487
**Atlanta • Orlando • Savannah • Charlotte • Sarasota • Charleston • Raleigh**

CONFIDENTIALITY NOTICE: The information contained in this transmittal is legally privileged and confidential information intended only for the use of the individual or entity to which it was intended to be directed. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this transmittal is strictly prohibited. If you receive this transmittal in error, please immediately notify us by reply email and delete the original transmittal. Thank you.

Counsel for California Cartage Company, LLC:

Peter Muller
Goodman, McGuffey, Lindsey & Johnson LLP
532 Stephenson Avenue, Suite 200
Savannah, GA  31405-5987
(912) 355-6433