UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PAUL TUTEN,

Plaintiff,

v.                                  4:14-cv-3

TARGET CORPORATION,
CALIFORNIA CARTAGE COMPANY,
LLC, JOHN DOE, INC., JOHN DOE (1),
JOHN DOE (2), JOHN DOE (3), AND
JOHN DOE (4),

Defendants.

## ORDER

### I. INTRODUCTION

Defendant Target Corporation ("Target") has filed a Motion for Summary Judgment. ECF No. 35. For the reasons set forth below, the Court *DENIES* Target's Motion.

### II. FACTS

On November 25, 2013, Paul Tuten filed a personal injury action against Target and California Cartage Company, LLC ("California Cartage"), in Georgia state court. ECF No. 1-1 at 3. The action was removed by Target to this Court. ECF No. 1.

On March 19, 2014, Tuten filed for bankruptcy. ECF No. 35-3 at 2. Although instructed to list all claims in his schedule of assets, he failed to list this action against Target. *See id.* at 7. Target filed a Motion for Summary Judgment on May 29, 2014. ECF No. 35. The following day, Tuten amended the list of assets on file with the bankruptcy court to include this cause of action against Target. ECF No. 42-1 at 5.

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008). Courts, moreover, may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Reese*, 527 F.3d at 1268 (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The nonmoving party then "may not rest upon the mere allegations or denials of [its] pleading[s], but . . . must set forth specific facts showing that there is a genuine issue for trial." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270

(11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material only if it might affect the outcome of the suit under governing law. *See Anderson*, 477 U.S. at 248.

## IV. ANALYSIS

In the federal courts, judicial estoppel exists to "prevent[] a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quotation omitted). It applies in bankruptcy proceedings to "preclude[] a plaintiff from asserting a claim in a judicial proceeding that contradicts the position taken under oath in a bankruptcy proceeding." *Cashatt v. Merrimac Assocs., Inc.*, 853 F. Supp. 2d 1244, 1248 (N.D. Ga. 2012). The purpose is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749 (quotations omitted)). However, judicial estoppel must be invoked with care, since "[t]he strident and mechanical application of judicial estoppel leads it to become a sword of the defense bar rather than a shield of judicial integrity." *See Thompson v. Quarles*, 392 B.R. 517, 529 (S.D. Ga. 2008) (Alaimo, J.). Ultimately, the decision to invoke judicial estoppel is made "by a court at its discretion.'" *New Hampshire*, 532 U.S. at 750 (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

The parties both agree that Tuten did not include this action on his schedule of bankruptcy assets. ECF No. 35-6 at 2. The parties also agree that Tuten amended his schedule one day after Target filed its Motion for Summary Judgment. Therefore, the issue before the Court is whether this amendment is sufficient to protect Tuten from the application of judicial estoppel.

Before reaching this question, the Court must clarify which law applies. Target removed this case from Georgia. ECF No. 1. The Eleventh Circuit has made it clear that, in a diversity case, "the application of the doctrine of judicial estoppel is governed by state law." *Original Appalachian Artworks, Inc. v. S. Diamond Assocs., Inc.*, 44 F.3d 925, 930 (11th Cir. 1995). This action arose in Georgia; therefore, Georgia's doctrine of judicial estoppel applies. But Georgia's courts generally follow the federal doctrine of judicial estoppel. *CSX Transp., Inc. v. Howell*, 675 S.E.2d 306, 308 (Ga. Ct. App. 2009); *see also Southmark Corp. v. Trotter, Smith & Jacobs*, 442 S.E.2d 265, 266 (Ga. Ct. App. 1994) (applying the federal doctrine of judicial estoppel in Georgia for the first time). The purpose is to "'to afford the judgment of the bankruptcy court the same effect here as would result in the court where that judg-ment was rendered.'" *IBF Participating Income Fund v. Dillard-Winecoff, LLC*, 573 S.E.2d 58, 59 (Ga. 2002) (quoting *Southmark Corp.*, 442 S.E.2d at 266).

Georgia follows the federal doctrine of judicial estoppel, except when it does not: not every aspect of federal judicial estoppel is followed by the Georgia courts. Significantly for this case, the federal doctrine does not allow a plaintiff to amend his schedule of assets after his inconsistency

2

is discovered. *See, e.g., Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). In contrast, Georgia courts *do* permit such amendments. Under Georgia law, a plaintiff may amend an erroneous bankruptcy schedule to avoid judicial estoppel. If the plaintiff

> initially fails to list the claim as a potential asset but later amends the bankruptcy filing or moves to reopen the bankruptcy proceeding to include the claim, judicial estoppel will not bar a later recovery on the claim. . . . [A] party like the plaintiff in this case can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action. Indeed amending the bankruptcy petition to include the claim, even after the bankruptcy case was closed, precludes judicial estoppel from barring the claim.

*CSX Transp., Inc.*, 675 S.E.2d at 308 (quoting *Rowan v. George H. Green Oil, Inc.*, 572 S.E.2d 338, 339 (Ga. Ct. App. 2002) (internal quotation marks omitted)). When the plaintiff amends the schedule of assets "well in advance of any disposition on the motion for summary judgment," courts ought not to employ judicial estoppel. *Rowan*, 572 S.E.2d at 339; *see also Weiser v. Wert*, 554 S.E.2d 762, 764 (Ga. Ct. App. 2001) ("Where the bankruptcy petition has been amended to schedule an omitted potential claim, then any inconsistent position between the bankruptcy petition and the lawsuit has been eliminated, because there no longer exists inconsistent positions upon which the plaintiff could theoretically gain an unfair advantage.").

It is clear that Georgia's courts reach a different result on the issue of amendment than federal courts in this circuit. But the Court is bound follow the Eleventh Circuit's requirement that it apply judicial estoppel as if it were a state court. *See Original Appalachian Artworks, Inc.*, 44 F.3d at 930. Georgia permits a plaintiff to escape judicial estoppel via amendment. Therefore, a federal court sitting in diversity must do the same.

Here, Tuten has amended his schedule. ECF No. 40-7. He did so more than six months ago, "well in advance" of the Court's determination on this motion. *See Rowan*, 572 S.E.2d at 339. Indeed, Tuten amended his petition the day after Target filed its Motion. *See* ECF No. 40-7. His present schedule of assets includes this action.[1] *Id.* at 5. The Court finds that Tuten's amendment provided sufficient notice to the bankruptcy court so as to protect the integrity of the judicial process. Therefore, Tuten's amendment "precludes judicial estoppel from barring the claim." *See CSX Transp., Inc.*, 675 S.E.2d at 308 (quotation omitted).

## V. CONCLUSION

Target presented only one issue in its Motion for Summary Judgment: whether judicial estoppel is appropriate. The Court

---

[1] The amended schedule lists this action as a "possible Cause of Action against Target." ECF No. 40-7 at 5. Target takes issue with the use of the term "possible," ECF No. 42 at 3, but it does not cite—and the Court is unable to find—any authority indicating that this phrasing transforms Tuten's disclosure into one that is insufficient to notify the bankruptcy court of his claim against Target.

3

declines to apply judicial estoppel to this action. Therefore, Target's Motion, ECF No. 35, is **DENIED**.

Because the period of discovery ended on December 2, 2014, ECF No. 59, the parties are **ORDERED** to submit a pretrial order within 30 days.

This 8 day of December 2014.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA