UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PAUL TUTEN,

Plaintiff,

v.                                    4:14-cv-3

TARGET CORPORATION,
CALIFORNIA CARTAGE COMPANY,
LLC, JOHN DOE, INC., JOHN DOE (1),
JOHN DOE (2), JOHN DOE (3), AND
JOHN DOE (4),

Defendants,

v.

DIAMOND STAFFING SERVICES,
INC., and LUMBERMAN'S
UNDERWRITING ALLIANCE,

Intervenors.

## ORDER

### I. INTRODUCTION

Defendant California Cartage Company, LLC ("CCC"), has filed a Motion for Summary Judgment. ECF No. 65. For the reasons set forth below, the Court **GRANTS** CCC's Motion.

### II. FACTS

On November 25, 2013, Paul Tuten filed a personal injury action against Target Corporation ("Target") and CCC, in Georgia state court. ECF No. 1-1 at 3. Target removed the action to this Court. ECF No. 1.

Target filed a Motion for Summary Judgment on May 29, 2014. ECF No. 35. The Court denied Target's Motion and ordered the parties to submit a pretrial order by January 7, 2015. ECF No. 62. All parties filed a motion that requested both extending the deadline for the pretrial order and also permitting the filing of pretrial motions. ECF No. 63. The Court granted that request, ECF No. 64, and CCC then filed a Motion for Summary Judgment, ECF No. 65. Tuten has informed the Court that he does not oppose CCC's Motion. *See* ECF No. 67.

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008). Courts, moreover, may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

Because the jurisdiction of this case is based upon diversity, the Court applies the substantive law of Georgia. *See, e.g., Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).

### IV. ANALYSIS

The Workers' Compensation Act ("The Act") provides a framework for the relief of injured Georgia workers. *See* O.C.G.A. § 34-9-1 et seq. Because the Act provides relief, it bars tort actions against an injured worker's employer. O.C.G.A. § 34-9-11(a)

("The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . ."). The Act bars tort actions against employers, "even if [the injuries] resulted from intentional misconduct on the part of the employer." *Kellogg Co. v. Pinkston*, 558 S.E.2d 423, 424 (Ga. Ct. App. 2001). Acceptance of workers' compensation benefits triggers this immunity "because such benefits are provided by an employer to the employee." *Kaplan v. Pulte Home Corp.*, 537 S.E.2d 727, 729 (Ga. Ct. App. 2000).

The immunity for employers also extends "to the businesses using the services of a temporary help contracting firm." O.C.G.A. § 34-9-11(c).[1] A temporary help contracting firm is "any person who is in the business of employing individuals and, for compensation from a third party, providing those individuals to perform work for the third party under the general or direct supervision of the third party." O.C.G.A. § 34-8-46. The plain language of these statutes make clear that if a temporary help contracting firm provides an employee to an employer, then that employee cannot recover in tort from the employer, as long as either the firm or the employer paid workers' compensation benefits for the employee's injury. *See Cyronis v. Mart Mgmt., Inc.*, 2010 WL 339798, at *3 (M.D. Ga. Jan. 21, 2010).

Here, Diamond provided its employee, Tuten, to CCC. ECF No. 65-2 at 3. Tuten then worked for CCC under its supervision. *Id.* Thus, under Georgia law, Diamond qualifies as a temporary help contracting firm. *See* O.C.G.A. § 34-8-46. It also had workers' compensation insurance coverage for its employees. ECF No. 50 at 2. Tuten filed a claim under Diamond's coverage, and he received benefits through that policy. *Id.* at 3.

Because the evidence viewed in the light most favorably to Tuten shows that Diamond is a temporary help contracting firm, and because it is undisputed that Diamond paid workers' compensation benefits on Tuten's behalf, CCC is entitled to the tort immunity provided under Georgia law. Accordingly, Tuten's claims against CCC are barred by O.C.G.A. § 34-9-11(a) and (c), and CCC is entitled to summary judgment.

### V. CONCLUSION

The Court found that Georgia law bars Tuten's claims against CCC. Therefore, the Court **GRANTS** CCC's Motion for Summary Judgment, ECF No. 65. The clerk is directed to remove CCC from this case.

This 26 day of January 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The statute also extends this immunity to "employee leasing companies." *See* O.C.G.A. § 34-9-11(c). An employee leasing company is defined by statute. *See* O.C.G.A. § 34-8-32(a). However, since the Court finds that Diamond was a temporary help contracting firm, the Court will not analyze whether CCC could also be considered an employee leasing company.

2